U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED

2018 FEB 20  AM 9: 14

CLERK

BY_____HBC_____
DEPUTY CLERK

UNITED STATES DISTRICT COURT
DISTRICT OF VERMONT

KATHLEEN FRONHOFER, Individually )
and on behalf of other similarly situated )
individual Consolidated Communications )
Holdings, Inc. employees )
     *Plaintiff* )
  vs. ) DOCKET NO. 2:18-cv-35
   )
CONSOLIDATED COMMUNICATIONS )
HOLDINGS, INC., )
     *Defendants* )

## COMPLAINT AND JURY DEMAND

Kathleen Fronhofer, for her Complaint against Consolidated Communications Holdings, Inc., by way of her attorney, Richard T. Cassidy, and on behalf of other similarly situated individual Consolidated Communications Holdings, Inc. employees, respectfully represents as follows:

## PARTIES

1. Plaintiff Kathleen Fronhofer resides in Franklin, Franklin County, Vermont and is an employee of Defendant within the meaning of 29 U.S.C. § 203. As shown by the written consent of the Plaintiff filed with this Court, Plaintiff has consented to become a member of this action pursuant to 29 U.S.C. § 216(b).

2. Defendant Consolidated Communications Holdings, Inc. (hereinafter "Consolidated") is a Illinois domiciled for-profit corporation doing business in Vermont and with main offices in Mattoon, IL. At all times relevant, Defendant was the employer or employer-by-succession of Plaintiff within the meaning of 29 U.S.C. § 203.

## JURISDICTION and VENUE



RICH CASSIDY LAW
Suite D5
1233 Shelburne Road
South Burlington, VT 05403

3. This action arises under 29 U.S.C. § 201 *et seq.*, "the Fair Labor Standards Act" and 21 V.S.A. § 384, "the Vermont Minimum and Overtime Wage Law".

4. This Court has original jurisdiction over claims grounded on 29 U.S.C. § 207 under 12 U.S.C. §1331.

5. Additionally, as the Plaintiff is a resident of Vermont, the Defendant is a resident of Illinois, and the amount in controversy is greater than $75,000.00, this Court has diversity jurisdiction under 12 U.S.C. § 1332.

6. This Court may exercise supplemental jurisdiction over the state law claims grounded on 21 V.S.A. § 384 under 12 U.S.C. §1367.

7. As the plaintiff resides in Vermont and the relevant events occurred in Vermont, venue is properly sited in the District of Vermont.

## FACTS

8. Plaintiff brings this action on behalf of herself and all other similarly situated employees as authorized by 29 U.S.C. § 216(b). The similarly situated employees include: <u>Collective Class: all individuals who have been employed by Consolidated in an administrative, exempt FLSA position who worked overtime with job duties lacking independent authority or discretion over assigned job duties without receiving compensation for each hour worked, including overtime compensation, at any time within three years prior to this action's filing date through the final disposition of this case (hereinafter "Collective Class").</u>

9. Ms. Fronhofer was hired by FairPoint Communications, Inc., (hereinafter, "FairPoint") in 2010.


RICH CASSIDY LAW
Suite D5
1233 Shelburne Road
South Burlington, VT 05403

10. Ms. Fronhofer and the Collective Class were employed in a clerical capacity denominated by the company as an administrative position.

11. Ms. Fronhofer and the Collective Class did not execute independent judgment or discretion in her primary duties with respect to matters of significance.

12. FairPoint classified Ms. Fronhofer as being paid on a salaried basis.

13. FairPoint classified Ms. Fronhofer in 2010 as an exempt employee.

14. Based on her primary duties, this was a misclassification of Ms. Fronhofer's overtime status.

15. Ms. Fronhofer's and the Collective Class base employment requirement was for forty hours a week.

16. Ms. Fronhofer and the Collective Class regularly worked hours in excess of forty hours a week for FairPoint.

17. Time worked by Ms. Fronhofer and the Collective Class in excess of forty hours a week was due compensation at an overtime rate of one-and-a-half time under both the relevant federal and state statutes.

18. By July 3, 2017, Consolidated completed a merger with FairPoint.

19. Consolidated completely absorbed FairPoint's operations, assets, and liabilities.

20. Consolidated continued FairPoint's regular business operations.

21. FairPoint no longer exists as an independent corporate entity.

22. Consolidated continued the operations for which Ms. Fronhofer and the Collective Class was employed.

23. By assuming FairPoint through complete merger, Consolidated has assumed successor liability for claims against FairPoint.



RICH CASSIDY LAW
Suite D5
1233 Shelburne Road
South Burlington, VT 05403

Page 3 of 7

24. Consolidated continued Ms. Fronhofer's and the Collective Class' employment in the same capacity and duties as FairPoint.

25. Consolidated identified Ms. Fronhofer as "non-exempt" based upon her primary duties performed.

26. Consolidated also identified Ms. Fronhofer's wage basis as being that of an hourly employee.

27. Nonetheless, Consolidated continued to employ Ms. Fronhofer on an overtime basis from July 3, 2017 through to December 24, 2017.

28. Ms. Fronhofer continued to work approximately 20 hours of overtime weekly in the period from July 3, 2017 through to December 24, 2017.

29. Consolidated did not pay additional or overtime wages for overtime hours worked in the period from July 3, 2017 through to December 24, 2017.

30. Since December 24, 2017, Ms. Fronhofer has worked only one overtime hour per Consolidated's instruction.

31. Consolidated paid that hour at the appropriate overtime rate.

32. Consolidated, independently and as successor by way of its merger with FairPoint, knew Ms. Fronhofer and the Collective Class were working overtime hours from mid-February 2015 through to December 24, 2017.

33. Consolidated, independently and as successor by way of its merger with FairPoint, knew, recklessly disregarded, or acted with plain indifference to the fact that it misclassified Ms. Fronhofer as an exempt employee.



RICH CASSIDY LAW
Suite D5
1233 Shelburne Road
South Burlington, VT 05403

34. Consolidated, independently and as successor by way of its merger with FairPoint, recklessly disregarded, or acted with plain indifference to the fact that it was not paying Ms. Fronhofer and the Collective Class for their overtime hours worked.

35. In the period from mid-February 2015 through to December 24, 2017, Ms. Fronhofer regularly worked approximately 20 hours of overtime per week.

36. In the period from mid-February 2015 through to December 24, 2017, Ms. Fronhofer worked a total of approximately 2,960 overtime hours without any additional compensation.

37. Ms. Fronhofer was never paid for hours worked in excess of 40 hours a week.

38. Ms. Fronhofer's base wage in February 2015 was $24.16 an hour.

39. Ms. Fronhofer's overtime rate in February 2015 was $36.24 an hour.

40. For the period of mid-February 2015 through to March 22, 2015, Ms. Fronhofer earned approximately 80 hours of overtime.

41. Ms. Fronhofer's due overtime pay from mid-February 2015 through to March 22, 2015 totals no less than $2,899.20.

42. Ms. Fronhofer's base wage on March 23, 2015 was raised to $25.99 an hour.

43. Ms. Fronhofer's overtime rate on March 23, 2015 was $38.98 an hour.

44. For the period of March 23, 2015 through to June 30, 2016, Ms. Fronhofer earned approximately 1,340 hours of overtime.

45. Ms. Fronhofer's due overtime pay from March 18, 2015 through to June 30, 2016, totals no less than $52,233.20.

46. Ms. Fronhofer's base wage on July 1, 2016 was raised to $27.70 an hour.

47. Ms. Fronhofer's overtime rate on July 1, 2016 was $41.55 an hour.



RICH CASSIDY LAW
Suite D5
1233 Shelburne Road
South Burlington, VT 05403

48. For the period of July 1, 2016 through to June 17, 2017, Ms. Fronhofer earned approximately 1,000 hours of overtime.

49. Ms. Fronhofer's due overtime pay from of July 1, 2016 through to June 17, 2017, totals no less than $ 41,550.00.

50. Ms. Fronhofer's base wage on June 18, 2017 was raised to $ 28.81 an hour.

51. Ms. Fronhofer's overtime rate on June 18, 2017 was $ 43.21 an hour.

52. For the period of June 18, 2017 through to December 23, 2017, Ms. Fronhofer earned approximately 540 hours of overtime.

53. Ms. Fronhofer's due overtime pay from June 18, 2017 through to December 23, 2017, totals no less than $ 23,333.40.

54. Based on the foregoing, Ms. Fronhofer is due no less than approximately $120,015.80 in overtime wages dating from mid-February 2015 to December, 24 2017.

55. To date, Consolidated has not paid Ms. Fronhofer or the Consolidated Class their due overtime pay.

### COUNT I – FAILURE TO PAY OVERTIME WAGES UNDER THE FLSA

56. Plaintiff restates and incorporates paragraphs 1 through 55, above, herein.

57. Defendant has willfully violated the FLSA and continues to willfully violate the FLSA by failing and refusing to pay Plaintiff the overtime wages due to her under the FLSA and its implementing regulations.

58. By failing and refusing to compensate Plaintiff in cash or its equivalent for overtime work performed, Defendant has violated the FLSA pursuant to 29 U.S.C. § 207.

59. By failing and refusing to pay Plaintiff her accrued wages in full for all time worked in cash or its equivalent the FLSA, Defendant is liable to Plaintiff under the FLSA



RICH CASSIDY LAW
Suite D5
1233 Shelburne Road
South Burlington, VT 05403

for all unpaid wages, attorney's fees, liquidated and/or penalty damages, interest, and court costs pursuant to 29 U.S.C. § 216(b).

### COUNT II – FAILURE TO PAY OVERTIME WAGES UNDER THE VERMONT WAGE AND HOUR LAW

60. Plaintiff restates and incorporates paragraphs 1 through 59, above, herein.

61. By failing to compensate Plaintiff in cash or its equivalent for overtime work performed from March 2015 through until the present, Defendant has violated 21 V.S.A. § 384.

62. Defendant is liable to Plaintiff under 21 V.S.A. § 395 for all unpaid wages and an amount equal to the unpaid wages as liquidated damages, plus costs, interest, and reasonable attorney's fees.

### JURY DEMAND

63. Plaintiff Kathleen Fronhofer demands a jury.

**WHEREFORE**, Plaintiff Kathleen Fronhofer and the Consolidated Class respectfully requests that this Court render judgment herein in her favor and against the Defendant, Consolidated Communications Holdings, Inc., awarding to Ms. Fronhofer compensatory damages, damages as awarded by statute, reasonable attorney fees, all costs of these proceedings and both pre-judgment and post-judgment interest.

Dated at South Burlington, Vermont, this /9 th day of February, 2018.



BY: KATHLEEN FRONHOFER
Richard T. Cassidy, Esq.
Rich Cassidy Law
1233 Shelburne Road, Ste. D5
South Burlington, VT 05403
Phone: 802-864-8144
Attorney for Plaintiff Kathleen Fronhofer